FILED
March 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_\_NM\_\_\_\_
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| J. JESUS CASILLAS-GONZALEZ, § | |
| Petitioner, § | |
| v. § | NO. SA-26-CV-00583-OLG |
| PAMELA JO BONDI *et al.*, § | |
| Respondents. § | |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner J. Jesus Casillas-Gonzalez's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 6), and Petitioner has replied (Dkt. No. 8). After careful consideration, and in light of the broad consensus among the district courts who have considered the due process arguments presented in this case, the Court will grant the Petition as set forth below.

### I.   BACKGROUND

Based on the record, Petitioner is a citizen of Mexico who entered the United States without inspection in 2002. (Dkt. No. 1 ¶¶ 7, 12; Dkt. No. 6 at 2.) He was detained by ICE on September 4, 2025, when he appeared for a routine check-in and is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings under § 1229a. (*See* Dkt. No. 1 ¶ 14; Dkt. No. 6 at 1.)

He initiated this action on January 30, 2026, seeking an order compelling his release or requiring that he be given a bond hearing, on the grounds that he may not be mandatorily detained

consistent with the Immigration and Nationality Act (INA) and his right to due process.[1] (*See* Dkt. No. 1 ¶¶ 39–47.)

## II.   JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention).

Nor does Petitioner's failure to exhaust administrative remedies. The exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, --- F. Supp. 3d ---, 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez v. Lyons*, --- F. Supp. 3d ---, 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures

---

[1] Petitioner also purports to assert three claims under the Administrative Procedure Act (*see* Dkt. No. 1 ¶¶ 62–79), but because he did not pay the filing fee for non-habeas claims, his APA claims are not properly before the Court. *See Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief."). These claims will accordingly be dismissed without prejudice.

are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

### III. DISCUSSION

Petitioner challenges his detention under the INA and the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

#### A.   Statutory Challenge to Application of 8 U.S.C. § 1225(b)

Petitioner's statutory basis for relief turns on whether all noncitizens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A), or discretionary detention under § 1226(a). (Dkt. No. 1 ¶¶ 20–23); *see* 8 U.S.C. § 1225(b)(2)(A) (providing that "the alien shall be detained"), § 1226(a) (providing that "an alien may be arrested and detained").

For decades, the Department of Homeland Security concluded that 8 U.S.C. § 1225(b)(2)(A), which mandates detention, did not apply to applicants for admission encountered for the first time in the interior of the United States, as those aliens were understood to be evading detention, as opposed to "seeking" admission. *See, e.g., Calderon Lopez*, 2026 WL 44683, at *6;

*see also* 8 U.S.C. § 1225(b)(2)(A) (mandating detention of "applicant[s] for admission . . . seeking admission"). Last year, DHS abruptly changed course. It determined that all applicants for admission, including those present in the interior of the United States, are subject to mandatory detention under § 1225(b)(2)(A) and, therefore, ineligible for release on bond. *See Calderon Lopez*, 2026 WL 44683, at *7. The Board of Immigration Appeals agreed with DHS's position in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Respondents' position here is, accordingly, that Petitioner, like all applicants for admission, must be detained under § 1225(b)(2)(A). (*See* Dkt. No. 6 at 3); *see also Yajure Hurtado*, 29 I&N Dec. at 220–21. Unfortunately for Petitioner, a divided panel of the Fifth Circuit has agreed. *See Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (rejecting the longstanding application of § 1226(a) to the detention of aliens, like Petitioner, who are applicants for admission by virtue of their presence in the United States without having been admitted or paroled). As the law stands, "unadmitted aliens apprehended *anywhere* in the United States are *ineligible for release* on bond, *regardless of how long they have resided inside the United States*." *Id.* at *3 (emphasis added).[2]

As such, to the extent Petitioner raises a statutory challenge to mandatory detention under § 1225(b)(2)(A), that basis for relief has been foreclosed by *Buenrostro-Mendez* and is therefore dismissed.

---

[2]Although the Court believes the panel majority in *Buenrostro-Mendez* misinterpreted the applicable statutory provisions—or at the very least rejected an equally reasonable interpretation of the statute in favor of one with "vast economic and political significance," *West Virginia v. Env't Prot. Agency*, 597 U.S. 697, 716 (2022), despite the Supreme Court's repeated admonition in recent years that self-aggrandizing reinterpretations by the Executive Branch of its delegated powers should be viewed "with skepticism," *id.* at 724, and rejected unless Congress provided "a clear statement to that effect," *Biden v. Nebraska*, 600 U.S. 477, 506 (2023), which requires "something more explicit or specific than the statutory basis that would ordinarily suffice to support executive action" *Learning Res., Inc. v. Trump*, --- U.S. ---, 2026 WL 477534, at *37 (Feb. 20, 2026) (Kagan, J., concurring in part and in the judgment)—only the en banc Fifth Circuit or the Supreme Court can correct that mistake now.

## B. Due Process Challenge to Mandatory Detention

However, Petitioner next challenges his detention on constitutional grounds, arguing that his being mandatorily detained without a bond hearing—to establish whether he poses a risk of flight or a danger to the community—violates his due process rights. (Dkt. No. 1 ¶¶ 45–47.)

Prior to and since *Buenrostro-Mendez*, many courts have agreed, finding that mandatory detention offends due process when applied to applicants for admission who had previously been permitted to reside freely within the United States during the pendency of their removal proceedings. *See Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (using *Mathews v. Eldridge* balancing test and granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country) (citing 424 U.S. 319 (1976)); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country); *Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 700–01 (W.D. Tex. 2025) (same, in habeas case brought by petitioner who was apprehended upon entry and then released under an ORR); *see also Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2

(W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (extending the *Mathews* analysis to find due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (using *Mathews* test to find mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).

The Court joins its sister courts and holds that the application of § 1225(b)'s mandatory detention provision violates Petitioner's procedural due process rights under the Fifth Amendment. *See Lopez-Arevelo*, 801 F. Supp. 3d at 685–88; *Parada-Hernandez*, 2025 WL 3465958, at *3–6; *Hernandez-Fernandez*, 2025 WL 2976923, at *8–10; *Ordonez-Lopez*, 2025 WL 3123828, at *3–5; *Santiago*, 2025 WL 2792588, at *6–14; *Vieira*, 806 F. Supp. 3d at 700–01; *Hassen*, 2026 WL 446506, at *1–2; *cf. Black*, 103 F.4th at 149.

### IV.   CONCLUSION

Based on the foregoing, Petitioner J. Jesus Casillas-Gonzalez's Petition for a Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** as follows:

1. Respondents must release Petitioner J. Jesus Casillas-Gonzalez (A-221-027-261) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place on or before **Monday, March 9, 2026**;


2.   Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**;

3.   Respondents must file a status report no later than **Wednesday, March 11, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Finally, Petitioner's non-habeas claims are **DISMISSED WITHOUT PREJUDICE**.

This case is **CLOSED**.

It is so **ORDERED**.

This Order is a **FINAL JUDGMENT**.

**SIGNED** on March 6, 2026.

_____
ORLANDO L. GARCIA
United States District Judge